[No. 24884. Department Two. February 2, 1934.]

ARTHUR MATTSON, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 29 P. (2d) 675.

*Harry Ellsworth Foster* and *Phil K. Eaton,* for appellant.

*The Attorney General* and *Browder Brown, Assistant* (*Dorothee Scarbrough,* of counsel), for respondent.

TOLMAN, J.—This is an appeal from a judgment of the superior court sustaining the ruling of the department of labor and industries denying relief, and dismissing plaintiff's appeal from an order of the joint board.

It appears that, in February, 1927, while in the course of extrahazardous employment, the appellant sustained an injury for which he claimed compensation. The department allowed his claim, which was finally closed and the compensation paid to him on January 17, 1928.

On May 10, 1933, appellant applied to the department to reopen his claim upon the ground of aggravation of the former injuries. This application was denied by an order of the joint board upon the theory that the three-year statute of limitations had run and the claimant's rights were thereby barred.

At the time the injuries were received, the statute then in effect was § 2 (h) of chapter 136, Laws of 1923, p. 397, which reads:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the department may, upon the application of the beneficiary or upon its own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment."

Thereafter by § 4 (h) of chapter 310, Laws of 1927, p. 844, the statute was amended to read:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, made within three years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: *Provided,* Any such applicant whose compensation has heretofore been established or terminated shall have three years from the taking effect of this act within which to apply for such readjustment." Rem. Rev. Stat., § 7679.

This amendment, of course, took effect after the appellant had been injured, but prior to the time when his claim was closed and his compensation paid.

 The appellant contends that the law as it existed at the time of the injury is a part of the contract, and therefore that the amendment of 1927 impairs appellant's contractual rights in violation of § 10, Article I of the Federal constitution, and that it also impairs the vested right of appellant to recover full compensation authorized by the statute in force at the time of the injury, thus violating the due process and the equal protection clauses of the fourteenth amendment to the Federal constitution and similar provisions of our state constitution.

If this were an open question, it would be interesting to review the authorities and reason out an answer, but as it clearly appears that the questions here presented have already been directly decided by this court, the question is no longer an open one.

The question here presented was necessarily presented and decided in each of the following cases: *Robinson v. McHugh,* 158 Wash. 157, 291 Pac. 330, and

160 Wash. 703, 295 Pac. 921; *Denning v. Quist*, 160 Wash. 681, 296 Pac. 145, and 172 Wash. 83, 19 P. (2d) 656; *Schmeiling v. Department of Labor and Industries*, 167 Wash. 692, 10 P. (2d) 229; and *Ferguson v. Department of Labor and Industries*, 168 Wash. 677, 13 P. (2d) 39.

In each of the first two cases cited will be found a considerable discussion leading to the holding that the workman's rights under the law existing at the time of the injury are purely statutory rights, and may be taken away at any time by the legislature, and therefore the limitation contained in the act of 1927, which is here complained of, is purely remedial and destroys no vested right.

Since this court is thoroughly committed to the doctrine announced in the cited cases, we refrain from further discussion.

The judgment is affirmed.

BEALS, C. J., BLAKE, GERAGHTY, and STEINERT, JJ., concur.