[No. 30853. *En Banc.* November 17, 1949.]

GUS DONATI, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1] Reported in 211 P. (2d) 503.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for appellant.

*Walthew & Gershon,* for respondent.

HILL, J.—We are here concerned with the sufficiency of an application for the reopening of a claim of an injured workman for an alleged aggravation of his injury. Respondent, while employed in extrahazardous work, injured his left wrist on October 30, 1934. His claim was closed on October 3, 1935, with some permanent partial disability.

On October 4, 1937, respondent filed an application to reopen his claim because of aggravation of his injury. He was examined by the department's medical commission, and, on the basis of its unfavorable report, the department denied his application on October 27, 1937.

Rem. Supp. 1941, § 7679 (h) [P.P.C. § 705-1], allowed all previously injured workmen five years from the effective date of the act (which was postponed to December 3, 1942, by reason of a referendum) within which to file claims for aggravation. Just before the expiration of the five-year period, to wit, December 2, 1947, respondent's attorneys wrote a letter to the department listing eighteen claimants

and their claim numbers, including Donati, giving no information as to the basis of the claims for aggravation, but stating that they had been retained by the eighteen claimants to reopen their respective claims for aggravation. With reference to the Donati claim, the letter said:

"We have lost some of our previous notes in the Gus Donati claim, but he definitely asked me on at least two different occasions to make application to reopen his claim, and I am writing to him to obtain formal authorization for change of address."

On March 19, 1948, respondent filed with the department of labor and industries an "Application to Reopen Claim," dated August 14, 1945, on the form provided by the department for that purpose. On March 24, 1948, the supervisor of industrial insurance denied the application, for the reason that it had not been presented within the statutory time limit, *i.e.*, by December 3, 1947. Respondent then filed an application for rehearing before the joint board, and on April 26, 1948, the joint board made an order confirming the action taken by the supervisor. Respondent then appealed to the superior court.

Holding that the letter of December 2, 1947, was a sufficient application to entitle the respondent to have his claim reopened for the consideration of possible aggravation, the superior court reversed the order made by the joint board and remanded the matter to the department, with directions to grant respondent's application for a rehearing on the issue of aggravation.

The matter was originally heard in this court by Department One on June 8, 1949, and again, *En Banc*, on September 26, 1949. The major issue before the court was the question of the effectiveness of the letter of December 2, 1947, as an application for reopening the claim for alleged aggravation, it being conceded that if the letter did not constitute an application for such reopening the five-year statute of limitations, Rem. Supp. 1941, § 7679 (h), barred any reopening.

A majority of the court was and is agreed that the letter of December 2, 1947, was not sufficient to constitute

an application to reopen respondent's claim; that the statute (Rem. Supp. 1941, § 7679 (h) ) did not contemplate en masse but individual applications for reopening; and that, in addition to being in writing, such an application must give the department some information as to the reason for the application.

However, it occurred to the court that the Laws of 1947, chapter 246, § 1, p. 987, which made substantial amendments to Rem. Supp. 1941, § 7679, might have extended the period of limitations another five years. Additional briefs were called for on that point and have been furnished and considered.

The Laws of 1947, chapter 246, contains three sections. Section 1 (Rem. Supp. 1947, § 7679) amends § 5 of the original workmen's compensation act as subsequently amended (Rem. Supp. 1941, § 7679) by materially increasing the compensation authorized for various disabilities. Section 2 provides that the increased benefits and compensation authorized by the act shall not be applicable to a case of death, or to an injury or aggravation thereof, occurring prior to the effective date of the act. Section 3 limits attorneys' fees for services rendered to claimants in the department or on hearings before the joint board, and is carried into the code as an entirely new section, being Rem. Supp. 1947, § 7679-3.

Section 1, so far as it is material to our inquiry, reads:

"Section 1. Section 5, chapter 74, Laws of 1911, as last amended by section 1, chapter 209, Laws of 1941 (sec. 7679, Rem. Rev. Stat.; sec. 705-1, PPC) is hereby amended to read as follows:

"Section 5. . . . (h) If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or ·compensation terminated, in any case the Director of Labor and Industries, through and by means of the Division of Industrial Insurance, may, upon the application of the beneficiary, made within five years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the

same, or in a proper case terminate the payment: *Provided, Any such application whose compensation has heretofore been established or terminated shall have five (5) years from the taking effect of this act within which to apply for such readjustment.*" (Italics ours.)

Subsection (h) as set forth above is identical with the same subsection in the 1941 act.

The question for consideration then becomes whether the proviso,

". . . Provided, Any such applicant whose compensation has heretofore been established or terminated shall have five (5) years from the taking effect of this act within which to apply for such readjustment. . . .,"

relates to the effective date of the Laws of 1947, chapter 246, to wit, June 12, 1947, or the effective date of the 1941 act, to wit, December 3, 1942.

The department asks us to hold that "the effective date of this act," referred to in § 2 of chapter 246, is June 12, 1947, but that the date of "the taking effect of this act," referred to in § 1 of chapter 246, is December 3, 1942.

█ The holding and the reasoning in the case of *Lane v. Department of Labor & Industries,* 21 Wn. (2d) 420, 151 P. (2d) 440, is decisive of the question; and, on the authority of that case, we hold that the respondent had five years from the effective date of the 1947 act within which to file his application for reopening for the consideration of possible aggravation, and that, consequently, the application for that purpose filed on March 19, 1948, was timely and the joint board erred in refusing to consider it.

█ The department urges, as a ground for reversal, that the order of the department dated October 27, 1937, denying respondent's application for reopening his claim because of aggravation of his injury, and not appealed from, is *res judicata.* We agree that it is *res judicata* as to any issue before the department at that time, but it cannot be *res judicata* as to aggravation occurring subsequent to that date.

The judgment is affirmed.

ALL CONCUR.