[No. 32367.   *En Banc.*   November 27, 1953.]

J. W. PAPE, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 264 P. (2d) 241.

*John W. Brisky, Harwood Bannister, Foster & Foster,* and *William A. Stiles, Jr.,* for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment of dismissal of an appeal from an order of the board of industrial insurance appeals denying an application by appellant to reopen his claim because of claimed aggravation.

April 22, 1946, J. W. Pape sustained an industrial injury while in the course of his employment. June 28, 1946, his claim was allowed by the department and was closed. January 9, 1952 (five and one-half years after the establishment and termination of his compensation), he filed an application to reopen his claim because of aggravation. The application was denied by the supervisor for the reason that more than five years had elapsed since his claim had been closed, basing the ruling upon § 5, chapter 115, Laws of 1951, p. 289 (RCW 51.32.160). Successive appeals from this ruling were made to the board of industrial insurance appeals, the superior court for Skagit county, and to this court.

Appellant makes three assignments of error, but they are all based upon the trial court's finding and conclusion that § 5, chapter 115, Laws of 1951, is controlling (it having superseded chapter 219, Laws of 1949), and that, the application to reopen the claim for aggravation not having been made within five years, the cause of action was barred.

The original workmen's compensation act was enacted by chapter 74, Laws of 1911, p. 345. Section 5 (h) provided:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case the department may, upon the application of the beneficiary or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payments."

Although various sections of the act (which was codified as Rem. & Bal. Code, § 6604) were amended from time to time, the section regarding aggravation remained unchanged until 1927.

Chapter 310, Laws of 1927, p. 813, again amended certain sections of § 6604, which at that time had been codified as Rem. Comp. Stat., § 7679. Section 4 of chapter 310 read as follows:

"That section 4 of chapter 131 of the Laws of 1919, page 355, as amended by section 2 of chapter 136 of the Laws of 1923, page 387 (section 7679 of Remington's Compiled Statutes) be amended to read as follows:"

(It should be noted that each amendatory act stated that the prior act "be amended to read as follows.")

Section 4 (h) provided:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, made within three years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: *Provided,* Any such applicant whose compensation has heretofore been established or terminated shall have three years from the taking effect of this act within which to apply for such readjustment."

There was no provision in the original act of 1911 placing any limitation upon the time within which a claim for aggravation of the original injury might be made. However, under the provisions of the 1927 amendment, workmen becoming injured after its effective date, and whose injuries became aggravated after the establishment or termination of compensation, were required to make application within three years thereafter. Under the proviso, workmen whose compensation had *theretofore* been established or terminated, were given three years from the *effective date of the act* within which to apply for readjustment.

The act was again amended by § 1 (h), chapter 209, Laws of 1941, p. 633. By this amendment, the wording of the section remained the same except that the word "five" was substituted for the word "three."

Similar amendments were enacted by § 1 (h), chapter 246, Laws of 1947, p. 997 and by § 1 (h), chapter 219, Laws of 1949, p. 724. No change was made in the wording of § 1 (h).

We now come to chapter 115, Laws of 1951. Section 5 provides:

"Section 51.32.160, R.C.W., as derived from section 1, chapter 219, Laws of 1949, is amended to read as follows:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, made within five years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment."

It will be seen that no material change was made in § 1, chapter 219, Laws of 1949, except that the proviso was eliminated.

In *Lane v. Department of Labor & Industries,* 21 Wn. (2d) 420, 151 P. (2d) 440, we considered the effect of the 1941 amendment, which substituted the word "five" for the word "three." At the time the 1941 amendment became effective, the claims under consideration by us were barred by the three-year limitation. We held that the 1941 amendment, increasing from three to five years the period within which injured workmen whose compensation had been established or terminated could make claim for aggravation, applied to claims which, at the time the act became effective, were barred by the three-year limitation, thus allowing such injured workmen five years instead of three years from the effective date of the 1941 amendment, within which to file claims for aggravation. This ruling was adhered to in *Donati v. Department of Labor & Industries,* 35 Wn. (2d) 151, 211 P. (2d) 503.

Laws may operate either prospectively or retrospectively, or both. A prospective law is one which is to operate in the future—that is, is applicable only to cases arising after its enactment. A retrospective law is one which is made to operate upon some subject, contract, or crime which existed before the passage of the law. 3 Bouvier's Law Dictionary (Rawle's Third Rev.), 2754 and 2950. A retrospective law, in the legal sense, is one which takes away or impairs vested rights acquired in the existing laws, or creates a new obligation and imposes a new duty, or

attaches a new disability, in respect to transactions or considerations already past. 50 Am. Jur. 492, Statutes, § 476.

■ The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes or amendments thereto to operate prospectively only. 50 Am. Jur. 495, Statutes, § 478. It is not necessary, however, that the statute expressly state that it shall operate retrospectively, if such intention can be obtained from the purpose and method of its enactment.

■ This general rule of construction, that the legislature intended an act to operate prospectively only, is not applied when the statute relates to remedies only, and does not affect vested rights. In the absence of language showing a contrary intent, a new law changing a remedy is generally regarded as applicable to all remedies—those which have accrued and those which will accrue in the future. *Nelson v. Department of Labor & Industries,* 9 Wn. (2d) 621, 115 P. (2d) 1014.

■ We are of the opinion that § 5, chapter 115, Laws of 1951 (RCW 51.32.160), was intended to, and does, act prospectively as to the beneficiaries who may claim for aggravation subsequent to the effective date of the act, and retrospectively as to beneficiaries who had not filed claims for aggravation prior to its effective date. As to the latter, there was a right to make application within five years after the establishment or termination of their compensation, but, by the elimination of the proviso, the right to make application at any time within five years from the effective date of the new act was lost.

■ In enacting § 5, the legislature was clearly dealing with a matter of remedy. The state government, through its legislative branch, has the sole power to determine when and under what conditions an application such as the one under consideration can be made. A claimant has no vested right or substantial right, prior to filing his claim, to make

application for adjustment on the ground of aggravation, except such right as the legislature gives to him. See *Nelson v. Department of Labor & Industries, supra.*

Furthermore, there can be no question as to the legislative intent. Since 1927, when the first proviso was added to the section covering claims for aggravation, under our decisions interpreting these amendments, the beneficiaries have had two rights under the statute. Under its main provision, they could file for aggravation within either three or five years (depending upon the amendment in effect at the time) after the establishment or termination of compensation. Under the proviso, they could file for aggravation within either three or five years from the effective date of the amendatory act. The legislature recognized this and decided to take away the additional remedial right to file for aggravation after the effective date of the act by striking the proviso. This was within its power.

■ Appellant contends that he had only twenty-two days from June 6, 1951, the effective date of the act, within which to make application to reopen his claim for aggravation; that that was an unreasonably short period and thus constituted denial of due process. The law was approved by the governor on March 13, 1951. The rule is stated in 34 Am. Jur. 31, Limitation of Actions, § 23, as follows:

"The prevailing view seems to be that the period of time, on the reasonableness of which the validity of the statute depends, should be computed from the day when the new law is passed, and not from the time when it takes effect. The period between the time of the passage of the statute and the date on which it takes effect is to be considered in determining the reasonableness of time allowed for suing on existing causes of action."

Appellant actually had 107 days from the date the law was approved by the governor within which to file his claim for aggravation. This was not an unreasonably short period.

The judgment is affirmed.

MALLERY, HILL, HAMLEY, DONWORTH, FINLEY, WEAVER, and OLSON, JJ., concur.

GRADY, C. J. (dissenting)—I would be in accord with the result reached by the majority opinion if § 5, chapter 115, Laws of 1951, p. 289, was original legislation instead of being amendatory. The title to the act is as follows:

"An Act relating to industrial insurance; providing workmen's compensation in case of injury or death; and amending sections 51.32.050, 51.32.060, 51.32.090, 51.32.080, and 51-.32.160, R.C.W."

If the act had been original legislation, its effect would be to bar all claims for aggravation of injury not made within five years after the establishment of the rate of compensation by the department of labor and industries. However, the legislature did not see fit to treat the subject of limitation upon the making of claims for aggravation by a separate and original enactment, but chose to do so by amending various sections of the workmen's compensation act, including the one relating to limitation periods, just as it had done on former occasions. As an original piece of legislation, its effect would have been to have barred the claim of appellant, because on June 28, 1946, his compensation was established, and he did not make a claim for aggravation until January 9, 1953, which date was after the expiration of the five-year limitation period. However, the result is entirely different under the amended legislation. This is made clear by the history of the limitation legislation.

Section 5 (h) of the original act, Laws of 1911, chapter 74, p. 345, provided for readjustment of compensation for aggravation upon the application of a beneficiary, but it contained no limitation period within which a claim therefor must be made.

By chapter 310, Laws of 1927, p. 813, the legislature amended several sections of the workmen's compensation act, including the one relating to the making of claims for aggravation, so as to provide a three-year limitation period for the making of claims therefor. The legislature considered two classes of workmen: (1) a workman whose injury became aggravated after his rate of compensation had been established subsequent to the passage of the amendment;

and (2) a workman whose rate of compensation had been established prior to the passage of the act. Workmen in the first class were required to make their claims for aggravation within three years after the establishment of the rate of compensation. As to them the act operated prospectively. Workmen of the second class, by a proviso which operated retroactively (sometimes referred to as a saving clause), were given three years from the taking effect of the act within which to make claims for aggravation. Later legislation amended the original workmen's compensation act, as amended, and followed the same pattern, but changed the limitation period from three to five years. In all of these amendatory enactments, the workmen were classified for the purpose of time limitation as above stated—the legislation as to the first class operating prospectively, while the other class was covered by a proviso operating retrospectively.

When the amendatory act of 1949 was passed, appellant belonged to the second class, in that his rate of compensation had been established June 28, 1946. He was given a period of five years from the taking effect of the act within which to make his claim for aggravation. This act was approved by the governor March 19, 1949, and took effect ninety days thereafter, so that appellant had until June 17, 1954, within which to make claim for aggravation.

If § 5 of the amendatory act of 1951 had been an original enactment, appellant's claim would have become barred on June 28, 1951, and his claim made January 9, 1952, would have been barred. The act of 1951 applies only to workmen in class one. It does not legislate with reference to class two. By omitting therefrom the proviso contained in the act of 1949, it repealed the limitation period as to class two, with the result that there is now no limitation period affecting such class. The status of class-two workmen is now the same as under the original act of 1911.

We have decided that, when a section of a statute is amended by an act which purports to set out in full all it is intended to contain, any matter which was in the original

section but not in the amendatory section is repealed by the omission. *Adams County v. Scott,* 117 Wash. 85, 200 Pac. 1112; *Spokane & Eastern Trust Co. v. Hart,* 127 Wash. 541, 221 Pac. 615; *Henry v. McKay,* 164 Wash. 526, 3 P. (2d) 145, 77 A. L. R. 1025; *State ex rel. Gebhardt v. Superior Court,* 15 Wn. (2d) 673, 131 P. (2d) 943.

Chapter 115, Laws of 1951, specifically amended a designated section of the act of 1949 "to read as follows:" In *Henry v. McKay, supra,* we discussed the repealing effect of an amendatory statute as distinguished from an independent statute and stated:

" 'An amendatory act has a repealing force, by the mechanics of legislation, different from that of an independent statute. Repugnancy is not the essential element of implied repeal of specifically amended sections. The rule is: "Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there." 25 R. C. L. 907.' *People v. Lowell,* 250 Mich. 349, 230 N. W. 202.

" 'Where a section of a statute is amended by an act which purports to set out in full all it is intended to contain, any matter which was in the original section but not in the amendatory section is repealed by the omission.' *Spokane & Eastern T. Co. v. Hart,* 127 Wash. 541, 221 Pac. 615."

Section 5, chapter 115, Laws of 1951, having repealed by omission therefrom the limitation period affecting a workman in class two, and having made no provision with reference to the time within which his claim must be made, the claim of appellant is not barred by any statute. If the legislature had intended to bar the claim of appellant and those similarly situated, it would have enacted original and direct legislation operating retrospectively in express terms or by necessary implication; but having chosen to treat the subject of limitation by the amendatory process, it must be said as a matter of law that it intended to and did provide that there should be no limitation period for making claim for aggravation by those workmen falling within class two.

The judgment should be reversed.