[No. 11385-0-III. Division Three. February 4, 1992.]

PETE M. OESTREICH, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

---

*David L. Lybbert* and *Calbom & Schwab,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Dennis J. Beemer, Assistant,* for respondent.

MUNSON, J. — Pete Oestreich appeals an order denying his application to reopen his workers' compensation claim for readjustment of benefits based on aggravation of his disability. He contends (1) the 1988 amendment to RCW 51.32.160

should not apply retroactively to bar his claim; (2) the Department of Labor and Industries (Department) should be estopped from asserting the amended statute as a defense; and (3) the amended statute denies equal protection guaranties. We affirm.

The court entered unchallenged findings setting forth the relevant facts. Mr. Oestreich was injured in the course of his employment on July 17, 1975. He received a permanent partial disability award and his industrial insurance claim was closed June 23, 1976. Mr. Oestreich successfully had his claim reopened on March 22, 1977, alleging worsening of his condition. The Department increased the permanent partial disability award, and reclosed the claim on November 2, 1981. By an attached note, the Department indicated to Mr. Oestreich he could apply to reopen his claim within 7 years of the date of closure if aggravation of his condition occurred.

On September 12, 1988, Mr. Oestreich again sought to reopen his claim, alleging aggravation of his condition. The Department denied the application on the grounds the application was not received within the statutory time limitation. Mr. Oestreich appealed; the Board of Industrial Insurance Appeals (Board) ruled his application was time barred by RCW 51.32.160; the Superior Court affirmed the decision of the Board.

Prior to its amendment in June 1988, RCW 51.32.160 permitted a claimant to apply for readjustment of his rate of compensation, based on aggravation of his condition, within 7 years after the rate of compensation had been fixed, and if the claim was reopened, a second application for readjustment could be made within 7 years after the new rate of compensation was fixed.[1] *Hutchins v. Department of Labor & Indus.*, 44 Wn. App. 571, 573-74, 723 P.2d 18, *review*

---

[1]Prior to the 1988 amendment, RCW 51.32.160 provided in part:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director, through and by means of the division of industrial insurance, may, upon the application of the beneficiary,

*denied*, 107 Wn.2d 1010 (1986). Theoretically, a claimant could continue applying for adjustments in compensation indefinitely so long as further aggravation of his disability occurred within 7 years of the most recent readjustment.

In 1988, the statute was amended to limit the reopening of a claim based on aggravation to the 7-year period following the date the first closure becomes final.[2] Laws of 1988, ch. 161, § 11. The time limitation on applications for adjustment of the rate of disability compensation does not bar applications for continued medical and surgical treatment. RCW 51.32.160. Because Mr. Oestreich's claim was first closed and became final on June 23, 1976, his application to reopen on September 12, 1988, was held barred by the limitation imposed by the 1988 amendment.

Mr. Oestreich contends the 1988 amendment affects a vested right to compensation and therefore cannot be applied retroactively to workers injured before its effective date.

 Whether a statute operates retrospectively is a question of legislative intent. *Pape v. Department of Labor & Indus.*, 43 Wn.2d 736, 741, 264 P.2d 241 (1953). The presumption that the Legislature intends an act to operate prospectively applies only to statutes affecting vested rights. *Pape*, at 741. However, the imposition of a limitation period for making claims for adjustment of workers' compensation benefits is remedial and does not affect any vested right of an injured worker. *Lane v. Department of Labor & Indus.*, 21 Wn.2d 420, 151 P.2d 440 (1944); *Mattson v. Department*

---

made within seven years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment . . .".

[2]Following the 1988 amendment, RCW 51.32.160 provides in part:

"If aggravation, diminution, or termination of disability takes place, the director may, upon the application of the beneficiary, made within seven years from the date the first closing order becomes final, or at any time upon his or her own motion, readjust the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment . . .".

*of Labor & Indus.*, 176 Wash. 345, 29 P.2d 675, *aff'd*, 293 U.S. 151 (1934). A claimant has no vested right to make future applications for adjustment based on aggravation of his condition. *Pape*, at 741-42; *see Haberman v. WPPSS*, 109 Wn.2d 107, 143, 744 P.2d 1032, 750 P.2d 254 (1987), *appeal dismissed*, 488 U.S. 805 (1988).

Legislative intent is determined primarily from the language of the statute. *Stone v. Chelan Cy. Sheriff's Dep't*, 110 Wn.2d 806, 810, 756 P.2d 736 (1988). A statute should not be construed in such a way as to render any part meaningless. *Stone*, at 810. The amended statute includes a provision: "First closing orders issued between July 1, 1981, and July 1, 1985, shall, for the purposes of this section only, be deemed issued on July 1, 1985." RCW 51.32.160. If, as Mr. Oestreich contends, the statutory limitation had no application to claimants injured prior to the 1988 effective date of the amendment, this provision would be superfluous.

The statute must be construed to apply to all workers who did not have pending claims for aggravation as of its effective date. Workers whose first claims were closed prior to July 1, 1981, were barred from applying for readjustment of compensation after July 1, 1988; workers whose claims were first closed between July 1, 1981, and July 1, 1985, may apply for readjustments until July 1, 1992; and those whose claims were first closed after July 1, 1985, may apply within 7 years from the date of closing. Mr. Oestreich's claim falls within the first class, and therefore his September 12, 1988, application for readjustment was untimely.

Nevertheless, Mr. Oestreich contends the Department should be estopped from raising a defense of untimeliness by reason of its written notice to him in 1981 advising him he could apply to reopen his claim within 7 years.

▪ "Estoppel will preclude a defendant from asserting the statute of limitation when his actions have *fraudulently* or *inequitably* invited a plaintiff to delay commencing suit until the applicable statute of limitation has expired." *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878,

885, 719 P.2d 120 (1986). There is no evidence the Department acted inequitably. The notice given to Mr. Oestreich was an accurate representation of the law at that time. Estoppel does not bar the Department from asserting the statutory time limitation as a defense. *See Hart v. Clark Cy.*, 52 Wn. App. 113, 119, 758 P.2d 515 (1988).

Finally, Mr. Oestreich contends the amended statute violates equal protection guaranties because persons injured on the same date will not be entitled to reopen their claims for the same length of time if their claims are first closed on different dates.

██ Legislation which does not involve a suspect classification or affect a fundamental right is given minimal scrutiny. *Conklin v. Shinpoch*, 107 Wn.2d 410, 416-17, 730 P.2d 643 (1986). No fundamental right or suspect class is affected by RCW 51.32.160. Accordingly, the statute is subject only to minimal scrutiny.

Under minimal scrutiny, legislation is subject to a 3-part test:

> (1) it must apply alike to all members of the designated class; (2) there must be some basis in reality for reasonably distinguishing between those falling within the class and those falling outside of it; and (3) the challenged classification must have a rational relationship to the purposes of the challenged statute.

*Davis v. Department of Empl. Sec.*, 108 Wn.2d 272, 280, 737 P.2d 1262 (1987).

"Equal protection of the laws under state and federal constitutions requires that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." *Harmon v. McNutt*, 91 Wn.2d 126, 130, 587 P.2d 537 (1978); *see Cosro, Inc. v. Liquor Control Bd.*, 107 Wn.2d 754, 760, 733 P.2d 539 (1987). Equal protection requires only similar treatment, not identical impact, on persons similarly situated. *See Salstrom's Vehicles, Inc. v. Department of Motor Vehicles*, 87 Wn.2d 686, 695, 555 P.2d 1361 (1976).

The 7-year statutory time limitation, commencing on the date of the closing order, applies alike to all members of the class. Although they may not be similarly situated with respect to the date or extent of their injuries, all class members are similarly situated with respect to the date of the closing order, which is a legitimate purpose of the law. The purpose here is to provide a limited time within which to adjust compensation based on changes in a claimant's condition after the initial determination of compensation has been made and the claim has been closed.

The statute does not violate equal protection provisions of the state and federal constitutions.

The decision of the Board, and of the Superior Court, is affirmed. Accordingly, there is no basis for an award of attorney fees requested by Mr. Oestreich.

Affirmed.

SHIELDS, C.J., and SWEENEY, J., concur.