IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DAVID WHITE,<br><br>      Appellant,<br>  v.<br><br>CENTURYLINK INC. and DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON,<br><br>      Respondents. | No. 80715-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — An employee who suffers from occupational-related hearing loss must file a claim for workers' compensation benefits within two years of the worker's last exposure to occupational noise or by September 10, 2004, whichever date is later. RCW 51.28.055(2)(a). The failure to do so precludes monetary benefits, such as a partial disability award, and limits recovery to medical aid benefits. In this case, the claimant's last exposure to occupational noise occurred, at the latest, in 1986 and he filed his claim for benefits three decades later. The claimant was entitled only to medical benefits. The statutory limitations provision does not violate equal protection by distinguishing occupational-related hearing loss from other occupational disease or violate due process. We thus affirm the superior court's order granting the employer's motion for summary judgment.

Citations and pin cites are based on the Westlaw online version of the cited material.

BACKGROUND

In 2017, David White filed a claim for occupational hearing loss that occurred during his employment with Qwest Corporation, d/b/a CenturyLink. Based on the information White provided in his claim, the Department of Labor and Industries (Department), the agency responsible for administering Washington's workers' compensation system, allowed the claim. See RCW 43.22.030 (power and duties of the director of the Department). The Department awarded partial disability benefits of $38,509, corresponding to 40.10 percent bilateral hearing loss.

Both White and the employer appealed the Department's order to the Board of Industrial Insurance Appeals (Board). See WAC 263-12-010 (function and jurisdiction of the Board) While the appeal was pending, White responded to the employer's discovery requests and indicated that his last date of employment with CenturyLink or its subsidiaries was in 1986, at the latest.

CenturyLink moved for partial summary judgment and moved to limit the claim to medical benefits. CenturyLink asserted that White was ineligible for monetary benefits because his claim was untimely under RCW 51.28.055, a statute of limitations provision that applies to occupational hearing loss. CenturyLink stipulated to liability for medical aid benefits—in this case, hearing aids. The Department, having learned the date of White's last exposure to occupational noise, did not contest the employer's motions. The Board granted CenturyLink's motions, reversed the Department's permanent partial disability award, and affirmed the allowance of medical aid benefits.

White appealed the Board's decision to superior court. CenturyLink moved for summary judgment. The Department supported the employer's motion. After hearing argument, the superior court granted CenturyLink's motion. White appeals.

ANALYSIS

White claims the superior court erred in granting summary judgment because RCW 51.28.055(2) is unconstitutional. Specifically, White contends that the statute arbitrarily discriminates between claimants with occupational hearing loss and those with other occupational diseases and violates due process.

Reviewing a decision under the Industrial Insurance Act (IIA), the superior court "considers the issues de novo, relying on the certified board record." RCW 51.52.115; Malang v. Dep't of Labor and Indus., 139 Wn. App. 677, 683, 162 P.3d 450 (2007). We review the superior court's decision, not the Board's order. RCW 51.52.140.

The superior court's ruling is subject to the ordinary rules governing civil appeals. RCW 51.52.140; Romo v. Dep't of Labor & Indus., 92 Wn. App. 348, 353, 962 P.2d 844 (1998). Our review of the superior court's decision on summary judgment is de novo. Malang, 139 Wn. App. at 683-84. We review the superior court's grant of summary judgment to determine whether the evidence shows "'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Romo, 92 Wn. App. at 354 (quoting CR 56(c)). A statute is presumptively constitutional, and the party challenging a statute bears the heavy burden of proving its unconstitutionality

beyond a reasonable doubt.  Morrison v. Dep't of Labor & Indus., 168 Wn. App. 269, 272, 277 P.3d 675 (2012).

RCW 51.28.055 establishes the limitations period for filing workers' compensation claims based on occupational disease and includes a specific provision for work-related hearing loss.  To be entitled to monetary benefits, a claimant must file such a claim within two years of the last exposure to workplace noise, or by September 10, 2004, whichever is later.

> (2)(a) Except as provided in (b) of this subsection, to be valid and compensable, claims for hearing loss due to occupational noise exposure must be filed within two years of the date of the worker's last injurious exposure to occupational noise in employment covered under this title or within one year of September 10, 2003, whichever is later.
>
> (b) A claim for hearing loss due to occupational noise exposure that is not timely filed under (a) of this subsection can only be allowed for medical aid benefits under chapter 51.36 RCW.

RCW 51.28.055(2) (emphasis added).  In contrast, a claim for benefits based on other occupational diseases is timely if filed within two years after the worker receives written notice from a medical provider that the disease exists and that a claim may be filed.  RCW 51.28.055(1).  It is undisputed that White did not file his claim within two years of his last exposure to work-related noise or before September 10, 2004.

As an initial matter, White claims the superior court erred when it declined to reach his constitutional challenges to RCW 51.28.055(2) because, while he did not include a detailed discussion of his arguments in his brief opposing summary judgment, he raised the arguments in a previously-filed trial brief.  On review of summary judgment, the appellate court considers the "evidence and issues

called to the attention of the trial court." RAP 9.12. Assuming for purposes of this appeal that White properly called the court's attention to his constitutional arguments, we may consider the issues on review even if the superior court declined to do so. Goodwin v. Wright, 100 Wn. App. 631, 648, 6 P.3d 1 (2000). In other words, the proper remedy for the error, if any, is for this court to consider the arguments on de novo review.[1] See Mithoug v. Apollo Radio of Spokane, 128 Wn.2d 460, 463-64, 909 P.2d 291 (1996).

Equal Protection

White contends that RCW 51.28.055(2) violates equal protection because it "singles out a class of injured workers," those who suffer from occupational-related hearing loss, and treats them differently from workers who suffer from other occupational diseases with no rational basis or justification.

The equal protection clause of the Washington State Constitution, article I, section 12 and the Fourteenth Amendment to the United States Constitution require that "persons similarly situated with respect to the legitimate purpose of the law" receive like treatment. State v. Coria, 120 Wn.2d 156, 169, 839 P.2d 890 (1992). An equal protection challenge requires minimal scrutiny, unless the subject legislation affects a fundamental right or a suspect class. Skagit Motel v. Dep't of Labor & Indus., 107 Wn.2d 856, 859, 734 P.2d 478 (1987). White alleges neither and so we apply the rational basis standard of review. Harris v.

---

[1] Even if we were to conclude that White's briefing below was insufficient to call the trial court's attention to the issues he raises on appeal, this court "will consider an issue raised for the first time on appeal if the claimed error is a manifest error affecting a constitutional right." Vernon v. Aacres Allvest, LLC, 183 Wn. App. 422, 427, 333 P.3d 534 (2014) (quoting RAP 2.5(a)(3)).

Dep't of Labor & Indus., 120 Wn.2d 461, 477, 843 P.2d 1056 (1993); State v. Hirschfelder, 170 Wn.2d 536, 550, 242 P.3d 876 (2010).  Under this standard, a provision is not constitutionally objectionable so long as it (1) applies alike to all members within the designated class, (2) reasonable grounds exist to support the classification, and (3) the classification bears a rational relationship to the purpose of the legislation.  Am. Legion Post #149 v. Wash. Dep't of Health, 164 Wn.2d 570, 609, 192 P.3d 306 (2008).

RCW 51.28.055(2) applies equally to all members of the class (workers with occupational hearing loss) with regard to eligibility for benefits.  White does not contend otherwise.  But as to the second factor, White argues that because occupational-related hearing loss is categorized as an occupational disease, it must be treated the same in every respect to other occupational diseases.  See Boeing Co. v. Heidy, 147 Wn.2d 78, 88, 51 P.3d 793 (2002) (noise-induced hearing loss is an occupational disease).  In other words, White claims there are no reasonable grounds to support a distinct limitations period for hearing loss claims.

But White fails to address the unique aspects of hearing loss that provide a basis to distinguish it from other occupational diseases.  While hearing loss is a "progressive condition," it is not progressive in the same manner as other conditions, such as asbestosis.  Heidy, 147 Wn.2d at 88.  Exposure to excessive noise causes sensory hair cells to die in the inner ear.  In re Eugene W. Williams, No. 95 3780, at 4 (Wash. Bd. Ind. Ins. App. Mar. 2, 1998).  When this happens, sensory cells are replaced by scar tissue that does not sense sound or transmit

6

signals to the brain. Id. The process of aging also causes sensory hair cells to deteriorate and die in a clinically indistinguishable fashion. Id. But individuals do not lose sensory hair cells at the same rate as they age and there are a host of other factors, including disease, infection, medications, and cardiovascular efficiency, that may also affect an individual's hair cell population. Id. "In sum, determining the cause of hair cell loss in the presence of multiple potential causes is an extremely difficult task" and there is no reliable clinical method to determine what percentage of hearing loss is attributable to occupational noise exposure versus the aging process or other non-work related cause. Id., at 5; Heidy, 147 Wn.2d at 85-86.

Occupational hearing loss occurs simultaneously with exposure to injurious noise, but ceases to progress once the exposure ends. Bath Iron Works Corp. v. Dir., Office of Workers' Comp. Programs, 506 U.S. 153, 161, 113 S. Ct. 692, 121 L. Ed. 2d 619 (1993); Jenkins v. Weyerhaeuser, 143 Wn. App. 246, 250, 256, 177 P.3d 180 (2008). Thus, the injury is complete when the worker is removed from a noisy environment.[2] Pollard v. Weyerhaeuser, 123 Wn. App. 506, 512, 98 P.3d 545 (2004). Because the progression of hearing loss caused by workplace noise exposure may cease, while hearing loss may, for other reasons, continue, there is a reasonable basis distinguish between occupational hearing loss and other occupational disease. And there is a logical

---

[2] White asserts that he did not experience hearing loss until long after his employment ended and the employer did not provide audiogram testing during his employment. White fails to cite the record to support these allegations, as RAP 10.3(a)(6) requires, and our review of the certified board record reveals no evidence to support these assertions of fact.

and scientific basis to tie the limitations period to the end of exposure to workplace noise.

White claims that a separate classification for claimants who suffer from occupational hearing loss is "antithetical" to another provision of the IIA, RCW 51.16.040. But that statute simply provides that benefits for workers disabled by occupational diseases must be *calculated* in the same way as benefits for those who suffer injury on the job. Dep't of Labor & Indus. v. Landon, 117 Wn.2d 122, 124, 814 P.2d 626 (1991). Nothing in RCW 51.16.040 requires the same statute of limitations to apply to every condition classified as an occupational disease. White fails to overcome the presumption that the statutory classification is reasonable. See Skagit Motel, 107 Wn.2d at 860.

As to the third factor, whether the challenged classification has a rational relationship to the purpose of the legislation, a claimant must do more than question the wisdom of the statute. Masunaga v. Gapasin, 57 Wn. App. 624, 633, 790 P.2d 171 (1990). A classification must be "purely arbitrary" to overcome the strong presumption of constitutionality. State v. Smith, 117 Wn.2d 263, 279, 814 P.2d 652 (1991).

The IIA was designed to ensure "sure and certain relief" to workers, while at the same time, limit employer liability for industrial injuries. RCW 51.04.010; Dennis v. Dep't of Labor & Indus., 109 Wn.2d 467, 471, 745 P.2d 1295 (1987). Requiring hearing loss claims to be filed within two years of the most recent workplace noise exposure furthers the legislative purpose of avoiding stale claims and limiting employers' liability for hearing loss that is unrelated to

occupational factors. See Campos v. Dep't of Labor & Indus., 75 Wn. App. 379, 389, 880 P.2d 543 (1994) (upholding RCW 51.32.160 against an equal protection challenge because the distinction between claims closed upon a medical recommendation and those closed without such a recommendation was rationally related to the statutory purpose of finalizing claims). White fails to "show conclusively that the classification is contrary to the legislation's purposes." Yakima County Deputy Sheriff's Ass'n v. Bd. of Comm'rs, 92 Wn.2d 831, 836, 601 P.2d 936 (1979). We conclude that RCW 51.28.055 does not violate equal protection.

Due Process

White also claims that RCW 51.28.055(2) violates his right to procedural due process.

Both the United States and Washington State Constitutions declare that no person may be deprived of life, liberty, or property without due process of law. U.S. CONST. amend. V, XIV, § 1; WASH. CONST. art. I, § 3. Procedural due process refers to the procedures that the government must follow before it deprives a person of life, liberty, or property. See Nieshe v. Concrete Sch. Dist., 129 Wn. App. 632, 640, 127 P.3d 713 (2005). Due process is a flexible concept and calls for such procedural protections that the particular situation demands. Mathews v. Eldridge, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); Morrison, 168 Wn. App. at 272-73. State action that results in the deprivation of constitutionally protected interests is not necessarily unconstitutional; it is only the deprivation of such interests without due process of law that offends the

9

constitution. <u>Zinermon v. Burch</u>, 494 U.S. 113, 125, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990).

A statute meets the requirements of due process if it provides adequate notice and standards to prevent arbitrary enforcement. <u>State v. Maciolek</u>, 101 Wn.2d 259, 264, 676 P.2d 996 (1984). Due process does not require actual notice; rather, it requires the government to provide "'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" <u>Speelman v. Bellingham/Whatcom County Hous. Auth.</u>, 167 Wn. App. 624, 631, 273 P.3d 1035 (2012) (quoting <u>Jones v. Flowers</u>, 547 U.S. 220, 226, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006)). Determining what process is due in a given situation requires consideration of (1) the private interest involved, (2) the risk that the current procedures will erroneously deprive a party of that interest, and (3) the governmental interest involved. <u>Mathews</u>, 424 U.S. at 334-35.

White asserts a "vested interest in receiving his due benefits." He also claims that RCW 51.28.055(2) fails to provide adequate procedural protections because it does not require employers to assess workers or apprise them of the causal connection between workplace noise and hearing loss, and does not require individualized notice of the specific limitations period that applies to occupational hearing loss claims.

A person who alleges a deprivation of due process must first establish a legitimate claim of entitlement. <u>Haberman v. Wash. Pub. Power Supply Sys.</u>,

109 Wn.2d 107, 142, 744 P.2d 1032, 750 P.2d 254 (1987). "Legitimate claims of entitlement entail vested liberty or property rights." Haberman, 109 Wn.2d at 142. A vested right is "'something more than a mere expectation based upon an anticipated continuance of the existing law; it must have become a title, legal or equitable, to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another.'" Caritas Servs., Inc. v. Dep't of Soc. & Health Servs., 123 Wn.2d 391, 414, 869 P.2d 28 (1994) (emphasis omitted) (quoting In re Marriage of MacDonald, 104 Wn.2d 745, 750, 709 P.2d 1196 (1985)).

Even assuming that White established a legitimate claim of entitlement to a partial disability award, his arguments reflect a misunderstanding of the purpose of the procedural safeguards required by the due process clause. The guarantee of due process applies to actions of government officials that deprive an individual of vested rights. It includes the right to be notified of a governmental decision or action and a meaningful opportunity to be heard to guard against an erroneous deprivation. See Speelman, 167 Wn .App. at 631.

Here, the state action that affected White's asserted interest was the Board's determination that his claim was untimely and he was ineligible for the benefit. It is undisputed that White had notice of the Board's decision and an opportunity to challenge it. No authority supports White's claim of a due process right to notice from his employer, a private entity, of a triggering event for purposes of a statute of limitations. See Harry v. Buse Timber & Sales, Inc., 166 Wn.2d 1, 19, 201 P.3d 1011 (2009) (employer had "no obligation" to inform the

employee that he had compensable loss). To the extent that White advocates for mandatory audiogram testing, health and safety regulations in place both currently and at the time of White's employment require such testing if the workplace meets certain threshold requirements. See WAC 296-817-100; see also former WAC 296-62-09027 (1986). There are no facts in the record to establish whether White's workplace met the requirements for testing or evidence in the record to support the assertion that he was not tested prior to leaving his employment.

In addition, RCW 51.28.055 plainly states the timing requirements for occupational hearing loss claims and the consequences of untimely filing. It is well settled that a person is presumed to know the law such that ignorance of the law is not a defense. Harman v. Dep't of Labor & Indus., 111 Wn. App. 920, 927, 47 P.3d 169 (2002). The statutory notice was reasonably calculated as a matter of law to "'apprise interested parties'" about the limitations period that applies to workers' compensation claims stemming from occupational hearing loss. Speelman, 167 Wn. App. at 631 (quoting Jones, 547 U.S. at 226).

White fails to meet his burden to establish that RCW 51.28.055(2) violates his right to due process or equal protection. We affirm the superior court's order of summary judgment.

_____
Chun, J.

WE CONCUR:

_____        _____
Brennan, J.        Verellen, J.

12