[No. E002886. Fourth Dist., Div. Two. Aug. 14, 1987.]

STATE OF WASHINGTON et al., Plaintiffs and Appellants, v. JERRY LOYE COBB, JR., Defendant and Respondent.

**COUNSEL**

Grover C. Trask II, District Attorney, and James P. Fullmer, Deputy District Attorney, for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Cynthia G. Besemer, Deputy Attorney General, J. E. Shelley, District Attorney (Placer), Roland E. Iversen and Sharon Quinn,

Deputy District Attorneys, as Amici Curiae on behalf of Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

## OPINION

CAMPBELL, P. J.—This is an appeal by the State of Washington from a judgment for the establishment of child support. The trial court reviewed Civil Code section 4727, part of the Agnos Child Support Standards Act of 1984 (hereinafter Agnos Act or Act) and declared it to be a violation of the constitutional guarantee of equal protection of the law. It therefore made an award lower than that provided for in the Agnos Act. We reverse the judgment.

### FACTS [1]

The defendant Jerry Loye Cobb, Jr., and Katherine Cobb were married on December 27, 1980. As a result of that union the minor child Joshua Cobb was born on March 7, 1981. Thereafter, a judgment of dissolution of their marriage was filed in Riverside County in April 1985. A previously filed stipulation by the parties concerning custody and visitation was incorporated into the judgment. In November 1984, the mother and the minor child began receiving public assistance (aid to families with dependent children, hereinafter AFDC) in the State of Washington.

At the July 24, 1985, hearing, the parties stipulated that the minor child was on public assistance in the State of Washington, that defendant's net disposable income was $1,578 per month, and that Katherine Cobb and defendant have a shared physical custody arrangement with defendant in which defendant had custody of the minor child for more than 30 percent of a 365-day period. The parties stipulated that the minimum child support award without the shared physical custody arrangement is $284 per month.

The trial court reviewed Civil Code section 4727 and declared it unconstitutional as a violation of the equal protection of the law provisions of the

---

[1] Defendant/respondent is in pro. per. in this court and did not file a respondent's brief. On September 3, 1986, this court sent him notice that his failure to file a brief in timely fashion might result in an assumption that the facts stated in appellants' brief were true or that his failure to file a brief might be deemed an abandonment of any attempt to support the judgment. (See *Roth* v. *Keene* (1967) 256 Cal.App.2d 725 [64 Cal.Rptr. 399].) No brief was filed, and respondent made no request for oral argument.

Following an independent review of the record, we substantially adopt the statement of facts contained in appellants' opening brief.

federal and state Constitutions.[2] The court ordered child support of $200, that is, an amount below the award dictated by the Agnos Act, $284.

Plaintiffs appealed.

## DISCUSSION

Civil Code section 4727 provides: "Except when a child or children are receiving an AFDC grant, upon request, the court may take into consideration expenses incurred and savings resulting from shared physical custody arrangements in determining the pro rata share of the mandatory minimum child support award to be allocated to each parent. For the purpose of this chapter, 'shared physical custody' means an arrangement in which the parents share physical custody so that both have custody of the child or children more than 30 percent of a 365-day period."

This section creates two classes of individuals—those noncustodial parents whose children are supported by public assistance and those noncustodial parents whose children are not so supported. Having made that distinction, the statute prohibits the trial court from lowering a child support order awarded regarding a noncustodial parent below the Agnos Act minimum in cases where a minor child is a beneficiary of AFDC.

■ Legislative classifications are not per se violative of federal or California equal protection guarantees. (*Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575, 580-581 [121 Cal.Rptr. 842]; see *Weber* v. *City Council* (1973) 9 Cal.3d 950, 958-959 [109 Cal.Rptr. 553, 513 P.2d 601].) "In ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest, the classification is upheld if it bears a rational relationship to a legitimate state purpose. [Citations.]" (*Weber* v. *City Council, supra,* 9 Cal.3d at pp. 958-959.) ■ Social and economic legislation, such as that involving AFDC, does not involve suspect classifications or fundamental interests. (*City and County of San Francisco* v. *Thompson* (1985) 172 Cal.App.3d 652, 655-656 [218 Cal.Rptr. 445].)

■ The two classifications bear an obvious, rational relationship to a legitimate state purpose. First, we are mindful that the monies paid out in

---

[2] The court stated: "You know, it's these kinds of provisions that appear to be unconstitutional to the Court. I don't know why you got a rule that's applicable to children that are not on Welfare but you have a different rule that's applicable to the children who are on Welfare.

". . . . . . . . . . . . . . . . . . . . . . .

"You know, maybe that's a legislative police power. I don't know, but it may be constitutional but it just doesn't seem right to me."

AFDC benefits are subject to an action by the state for recoupment from a legally responsible parent. (See Welf. & Inst. Code, § 11350.) This statute seeks to recoup government revenue spent in maintaining the household of the custodial parent even during periods of the child's temporary absence, in order that the child may have a stable home to which to return.

The court in *City and County of San Francisco* v. *Thompson, supra,* 172 Cal.App.3d at page 659, upheld the constitutionality of the recoupment provision by explaining, "In seeking recoupment of AFDC benefits from noncustodial parents with the ability to pay[,] the state is seeking to enforce parental support duty and to recover welfare money it has spent because the noncustodial parent has not met that support duty. *Recovered funds can both reduce the outlay of tax monies and ensure that maximum benefit levels are maintained. . . ."* (Italics added.)

In short, the statute seeks to maximize benefits for needy families, minimize the public support burden and also to maintain a stable household for financially impoverished children. The minimum payment it imposes only on noncustodial parents whose children are supported by AFDC is rational in that this group affects the public fisc in a way non-AFDC-supported children do not.

The statute is constitutional; the judgment is reversed.

Hews, J., and Dales, J.,* concurred.

---

* Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.