# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In re the Parentage of | ) | No. 75768-7-I |
| DEVON and JACKSON LOWE. | ) | |
| ERIK NILSEN, | ) | DIVISION ONE |
| Respondent | ) | UNPUBLISHED OPINION |
| and | ) | |
| LEANNE LOWE, | ) | |
| Appellant. | ) | FILED: November 13, 2017 |

APPELWICK, J. — The trial court on a motion for revision granted Nilsen's motion to modify his child support obligations. Lowe argues that the trial court improperly considered evidence not before the commissioner, its written findings were inadequate, the evidence was insufficient, and the modification leaves her with insufficient funds for basic needs. We affirm.

## FACTS

The parenting plan for Erik Nilsen's and Leanne Lowe's two sons was modified on February 8, 2016. That new plan provided for the children to reside with Nilsen 13 days out of 28, or 47 percent of the residential time.

On February 11, 2016, Lowe filed a petition for modification of child support. In response, Nilsen requested a residential credit deviation from the standard calculation of child support obligation.

On May 27, 2016, a commissioner denied Nilsen a residential credit, in part because the commissioner was under the impression that a residential credit no longer exists under Washington law. Nilsen moved for revision. The trial court revised the commissioner's ruling, and granted Nilsen a deviation based on residential credit, because residential time increased to 47 percent under the modified parenting plan. The trial court ordered Nilsen to pay Lowe $300 monthly, rather than the standard calculation of $1,254 monthly.

Lowe appeals.

## DISCUSSION

Lowe makes four arguments. First, she argues that that trial court adjudicated the motion for revision using evidence that was not before the commissioner. Second, she argues that the trial court's findings were inadequate to support the residential credit. Third, while she does not argue that a residential credit is not available under Washington law, she argues that Nilsen presented insufficient evidence to support the deviation in this case. Finally, she argues that the deviation order leaves her with insufficient funds to meet basic household needs.

RCW 26.19.075(1)(d) allows trial courts to grant a residential credit. It states that a "court may deviate from the standard calculation if the child spends a significant amount of time with the parent who is obligated to make a support transfer payment." Id. It is within the trial court's discretion to grant or deny a deviation. In re Marriage of Goodell, 130 Wn. App. 381, 391, 122 P.3d 929 (2005). Generally, trial courts are not reversed on such decisions. Id.

2

I.  Record Before Trial Court

Lowe argues that the trial court improperly granted a residential credit based on new evidence not before the commissioner. Under RCW 2.24.050, a decision on a motion for revision "shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner." This means that, "[g]enerally, a superior court judge's review of a court commissioner's ruling, pursuant to a motion for revision, is limited to the evidence and issues presented to the commissioner." In re Marriage of Moody, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). Lowe contends that Nilsen presented four specific facts in the motion for revision that he did not present to the commissioner: (1) utility expenses, (2) laundry expenses, (3) the number of meals that Nilsen provides, and (4) $165 per month in travel expenses.

As to the utility and laundry expenses, Nilsen's motion for revision cited these as areas where his increased residential time leads to increased expenses. But, the motion for revision did not provide any specific laundry or utility expense figures. This was merely an illustrative reference about areas where his expenses would logically increase, and well within counsel's ability to argue from the record below. The commissioner, like the trial court, was well aware that Nilsen would be expending more on basics such as utilities and laundry due to increased residential time.

Increased food expenses are also a reasonable inference accompanying increased residential time. Nilsen's motion for revision stated that he now provides "21 meals in 28 days (13 breakfasts, 6 lunches, 13 dinners)." Lowe argues that

the specific number of meals is new evidence.[1] But, the breakdown of meals, 13 breakfasts and dinners, and 6 lunches, tracks the 13 days out of every 28 that the sons are scheduled to reside with Nilsen.[2]

Finally, Lowe mischaracterizes the alleged new evidence on transportation costs. In the motion for revision, counsel attributed $165 to transporting the children to and from school. Lowe argues that the $165 that Nilsen claimed in monthly transportation on his motion to modify is at odds with the $300 in monthly gas, oil, and maintenance costs that he listed on his financial declaration. But, in the motion to modify, Nilsen noted that the $165 is a "conservative estimate" of what he spends on transportation "to effectuate the residential schedule." By contrast, the financial declaration was the amount that he spends on transportation costs, total. The father resides in Bothell. The mother relocated to Issaquah, roughly 27 miles away. Given the distance and frequency of the father taking the children to school, the specific amount can easily be estimated from the record. And, in his motion for revision, Nilsen did not purport to offer anything more than a "conservative estimate" of the transportation costs. A trial court is "authorized to determine its own facts based on the record before the commissioner." In re Marriage of Dodd, 120 Wn. App. 638, 644, 86 P.3d 801 (2004). Nilsen's invitation

---

[1] In his response brief, Nilsen notes that his motion contained a typing error that he said he provides 21 meals, but the sum of the meals in the breakdown added to 32. This clerical error is not grounds for reversal.

[2] The father provides six lunches, because the children spend the first, second, and fourth weekends with him each month. School lunch expenses are not included. Lowe does not contest this.

for the trial court to consider this illustrative breakdown of costs was not new evidence.

II. Adequacy of Factual Findings

Lowe next argues that the trial court entered insufficient factual findings to support the amount of its deviation. She notes that, while the court stated that it granted a deviation based on the children spending 47 percent of their time with Nilsen, it did not enter any findings regarding what costs he incurs when the children are in his care.

Under RCW 26.19.035(2), a trial court is required to enter written findings of fact supported by the evidence when it enters an amount for support that deviates from the standard calculation. See In re Marriage of Sacco, 114 Wn.2d 1, 4, 784 P.2d 1266 (1990). A failure to enter findings is an abuse of discretion and subject to reversal. State v. Sigler, 85 Wn. App. 329, 338, 932 P.2d 710 (1997).

Lowe relies on Sigler. In Sigler, the court reversed a child support deviation due to insufficient factual findings. Id. at 338. The court noted that the father had the child 40.5 percent of the time. Id. The findings were insufficient because the trial court gave no indication of how much the father spent on the child while she was in his care, and gave "no indications how the decrease was calculated." Id.

Here, the order of child support noted the balance of time between parents. The child support worksheet showed incomes that were close to equal: Nilsen's net income at $6,143, and Lowe's net income at $5,714. The trial court's oral ruling noted that, when looking at the circumstance's in Nilsen's household, the father

had added expenses due to the children residing with him 47 percent of the time. The oral ruling also noted that, while Nilsen's income was more than Lowe's, this difference was such that a deviation would not work a hardship on Lowe. Unlike Sigler, here the trial court's findings show that it engaged in the proper inquiry, and the evidence provided by Nilsen was substantial evidence in support of a deviation. The trial court provided a sufficient basis for its decision, and complied with RCW 26.19.035(2).

III. Sufficiency of Evidence of Increased Expenses

Lowe next argues that the father failed to present sufficient evidence of his increased expenses that justify the deviation.

To be eligible for a residential credit deviation, the obligor parent must show that the child spends a significant amount of time with him or her. RCW 26.19.075(1)(d). The residential schedule is split 47/53. Lowe does not argue that the children do not spend significant time with Nilsen. Thus, the key issue is whether the evidence was sufficient to show that the trial court acted within its discretion when it granted a deviation. Nilsen's declaration noted that the amount of time his children spend with him translates to increased costs. He logically has additional costs for food, clothing, laundry, and utilities. And, he pays travel expenses to transport the children to and from school on the days that he spends with them.

Lowe argues that the trial court should have assigned greater weight to various pieces of her evidence, such as the fact that Nilsen lets his partner live with him rent free. But, appellate courts do not reweigh evidence. City of

Sunnyside v. Gonzalez, 188 Wn.2d 600, 612, 398 P.3d 1078 (2017). The trial court had discretion to weigh and consider the significance of this fact. See Goodell, 130 Wn. App. at 391.

The trial court acted within its discretion in finding that the father was entitled to a deviation from $1,254 to $300.

## IV. Sufficiency of Evidence of Income for Basic Household Needs

Similarly, Lowe argues that the trial court abused its discretion in granting the deviation, because it leaves her with insufficient funds to meet basic household needs. A court may not grant a residential credit deviation if it leaves the parent receiving the support with insufficient funds to meet basic needs of the child. RCW 26.19.075(1)(d).

In its oral ruling, the trial court noted that the deviation would not result in a hardship for the mother:

> The mother's income is lower than the father's, but not so significantly such that I find it would be a hardship for her to have this deviation, for me to order this deviation. That isn't to say that the mother wouldn't be better off if the father was paying her $1,200 because of course she would be. But that's not the test. The test is looking at all the circumstances in both parties' households and the amount of time the children are with both parties does this work as a hardship. And I've made the determination that it does not.

Lowe argues that this was error, in part because she has a third child for whom receives inadequate child support. But, in her financial declaration, she listed her total monthly household expenses at $6,766. And, the worksheet relied on by the trial court shows that her monthly wages, less deductions, are $5,714. In addition, Nilsen presented evidence that Lowe receives an additional $1,675 in monthly

support payments from the father of her third child. Even without the $300 monthly support payments from Nilsen, this leaves her with over $7,300 in monthly net income to cover $6,766 in monthly expenses. It constitutes substantial evidence that Lowe is left with sufficient income to cover total monthly expenses for the children. The trial court did not abuse its discretion.

We affirm.

WE CONCUR:

_Appelwick_ J.

_Mann_, J.

_Schindler_, J.